UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALENTIN CALVILLO, | |
| Petitioner, | Case No. 1:21-CV-00293-CWD |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ATTORNEY GENERAL OF IDAHO, | |
| Respondent. | |

Petitioner Valentin Calvillo, an Idaho prisoner residing in an Arizona facility

contracted to the Idaho Department of Correction, is proceeding on his Amended Petition

for Writ of Habeas Corpus. (Dkt. 11.) Now pending are Petitioner's Motion for Leave to

Amend Petition (Dkt. 29) and a Second Amended Petition (Dkt. 29-2), and Respondent's

Motion for Partial Summary Dismissal (Dkt. 16). Petitioner has withdrawn Claim 1 (lack

of impartial jury), Claim 8/12(b) (inappropriate grooming),[1] and Claim 11 (failure to

object to leading questions) in his Second Amended Petition. (Dkt. 29-2.) Therefore,

presently at issue in the Motion to Dismiss are Claim 6/10(a) (failure to investigate

defense witnesses) [now Claim 2(b) in the Second Amended Petition], and Claim 9

---

[1] Duplicate claims referred to in Docket 11 and Docket 16 are combined with a "/" for efficient consideration.

**MEMORANDUM DECISION AND ORDER - 1**

(pressuring Petitioner not to testify) [now Claim 1 in the Second Amended Petition]. In his Reply, Respondent withdrew the defense that Claim 6/10(b) (failure to call witnesses) is procedurally defaulted; this claim is now Claim 2(a) (Dkt. 29-2, pp. 10-11) and is not at issue in the Motion for Summary Dismissal. (*See* Dkt. 27).

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 8.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the Motion for Summary Dismissal, Response, and Reply, the Court enters the following Order.

## BACKGROUND

In 2011, in the final days of Petitioner's jury trial in a criminal action in the Fifth Judicial District Court in Twin Falls County, Idaho, he absconded from the country. The court nevertheless continued the case, finding that Petitioner was voluntarily absent from trial. The Court instructed the jury not to consider Petitioner's absence from trial or failure to testify in deciding the charges. Petitioner's counsel's trial strategy was destroyed by Petitioner's failure to testify, and counsel decided not to call witnesses or make a closing argument for Petitioner. The jury convicted Petitioner of one count of sexual abuse of a minor and six counts of lewd conduct with a minor. The victim was C.V., the 10-year-old daughter of Petitioner's live-in girlfriend. The trial court forfeited Petitioner's bond and issued a bench warrant for his arrest. Several months later, Petitioner's bond company brought him back to the United States from Mexico. The trial

court then sentenced Petitioner to a unified term of 30 years, with the first 15 years fixed. (*See* State's Lodging A-1, pp. 11-436.)

On direct appeal, Petitioner alleged prosecutorial misconduct because the prosecutor suggested at closing that the evidence was "uncontroverted" by Petitioner. The Idaho Court of Appeals affirmed the judgment of conviction ("*Calvillo I*"), and the Idaho Supreme Court denied the petition for review. (*See* State's Lodgings B-1 through B-13.)

Petitioner next filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to present witnesses or make a closing argument. The State stipulated that defense counsel had been ineffective. The district court granted the petition, vacated the jury verdict and judgment of conviction, and ordered a new trial. (*See* State's Lodgings C-1 through D-5.)

After a new trial in 2016, the jury acquitted Petitioner of one count of lewd conduct, but found him guilty of one count of sexual abuse of a minor and five counts of lewd conduct with a minor. He was sentenced to a 15-year fixed sentence on the child sexual abuse count, and to five 30-year sentences, with 15 years fixed, on the lewd conduct counts, all to run concurrently. (*See* State's Lodgings C-1 to C-5.)

Petitioner filed a direct appeal, ("*Calvillo II*") which was unsuccessful. (*See* State's Lodgings D-2 to D-9.) Petitioner filed a Rule 35 motion, and later appealed denial of that motion. He again was unsuccessful on appeal ("*Calvillo III*"). (*See* State's Lodgings E-4 to E-7.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner filed a post-conviction relief petition, which was summarily denied. His appeal was unsuccessful ("*Calvillo IV*"). (*See* State's Lodgings F-1 to G-18.) He next filed a successive post-conviction petition. After dismissal of his successive petition, Petitioner appealed, but he received no relief. ("*Calvillo V*"). (*See* State's Lodgings H-1 to I-22.)

Upon the filing of Petitioner's federal Petition for Writ of Habeas Corpus, the Court dismissed Claims 2, 3, and 4 as noncognizable. (Dkt 12, p. 4.) Now at issue are whether Claim 9 [now Claim 1], and Claim 6/10(a) [now Claim 2(b)] are procedurally barred.

## CONSIDERATION OF MOTION FOR PARTIAL SUMMARY DISMISSAL

### 1. Standard of Law Governing Exhaustion

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a *federal* claim to the *highest* state court for review *in the manner prescribed* by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

State court remedies are considered technically exhausted, but not properly exhausted, if a petitioner failed to pursue a federal claim in state court and no remedies remain available. *Id*. at 848. Or, improper exhaustion can occur when a petitioner tried to pursue a federal claim in state court, but the state court rejected it on an adequate and

independent state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

To qualify as an adequate procedural ground that prevents a federal court from hearing a federal claim arising from a state court criminal case, "a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal citation and punctuation omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate if it is a discretionary rule, even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009).

A state procedural bar is "independent" of federal law if it is not interwoven with or does not rest on federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (same).

**MEMORANDUM DECISION AND ORDER - 5**

Improper exhaustion, including application of an adequate and independent state procedural bar, renders a claim "procedurally defaulted" for federal habeas corpus purposes. *Coleman*, 501 U.S. at 731. Habeas corpus relief cannot be granted on a procedurally defaulted claim unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.* If the petitioner cannot meet one of these exceptions, the federal district court's only options are to dismiss the claim on procedural grounds or deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

**2. Standard of Law Governing Ineffective Assistance of Counsel Claims**

The clearly-established law governing a Sixth Amendment claim of ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* dictates that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

In assessing trial counsel's performance under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at

689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

In assessing prejudice under *Strickland*'s second prong, a court must determine whether, under the particular circumstances of the case, there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both deficient performance and prejudice to prove an ineffective assistance of counsel claim. *Id*. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

When a federal claim has been properly exhausted in state court, on habeas review a federal district court must apply 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA standard is deemed "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 1052 (2011) ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at 123, 129 S.Ct. at 1420.").

**MEMORANDUM DECISION AND ORDER - 7**

### 3.  Discussion of Claims 6/10(a) [now 2(b)] and 9 [now 1]: Procedural Default

At various stages of his post-conviction actions, Petitioner brought ineffective assistance of trial counsel claims that correspond to habeas corpus Claims 6/10(a) and 9. The claims were rejected on state procedural bars; in neither case did the state district court or the state appellate courts address the merits of these claims. Therefore, as explained below, these claims are procedurally defaulted for purposes of federal habeas corpus review and subject to summary dismissal unless adequate legal excuse for the default is shown.

#### A.  *First Procedural Ground*

Respondent asserts that Claims 6/10(a) [now Claim 2(b)] and 9 [now Claim 1] are procedurally defaulted because they were dismissed in *Calvillo IV* after application of an independent, consistently applied state procedural bar—neglecting to raise the claim in the district court, which failed to preserve the claim for appeal.

Claim 6/10(a) asserts that trial counsel was ineffective for failing to investigate important trial witnesses to corroborate Petitioner's version of events. (Dkt. 11, pp. 44, 67; Dkt. 29-2, p. 11.) The *Calvillo IV* Court rejected this claim on procedural grounds. (State's Lodging G-14, p. 11 n.6.) The Court held that, "[b]ecause Calvillo did not assert this claim in his petition or allege facts supporting this claim in his accompanying affidavit, we will not consider this claim." *Id*.

The rule that a petitioner must first raise his claims in a petition in the district court or forfeit those claims on appeal is a clear, consistently applied, and well established state procedural bar in the Idaho appellate courts. *See e.g., State v. Garcia-Rodriguez*, 396 P.3d 700 (2017) (discussing the issue-preservation procedural bar and citing Idaho cases that have applied it). Therefore, Claim 6/10(a) is procedurally defaulted.

Claim 9 asserts that trial counsel was ineffective when he improperly pressured Petitioner to give up his right to testify before the jury. (Dkt. 11, p. 54; Dkt. 29-2, pp. 5-9.) Petitioner included some hearsay factual allegations about the "pressuring" claim in his affidavit in support of his original post-conviction petition, but the petition did not repeat the affidavit's facts or assert a claim based on them. (*See* State's Lodging F-1, pp. 5-7.) Therefore, the state district court adjudicated the only right-to-testify claim contained in the petition, based on the only admissible (non-hearsay) factual allegations contained in the affidavit: that "Petitioner desired to testify at trial; however, Petitioner's attorney advised him that testifying at trial would not be in Petitioner's best interest." (State's Lodging F-1, p. 147 (paraphrased by the state district court); *see id.*, pp. 10.) The state district court did *not* consider Petitioner's hearsay statements or any claim that his lawyers unlawfully pressured him. (*See* State's Lodging F-1, pp. 146-47; *id.*, p. 12.)

Therefore, in *Calvillo IV*, when the Idaho Court of Appeals encountered Petitioner's claim that his trial counsel pressured him into not testifying, it determined that Petitioner had failed to present it to the state district court *as a claim*. The Idaho

Court of Appeals acknowledged that Petitioner had included some facts about "pressuring" in his affidavit, but he had not connected those facts to any ineffective assistance or independent constitutional claim in his post-conviction petition. (State's Lodging G-14, p. 7.)

The appellate court noted that Petitioner's counsel attempt to orally raise the "pressuring" claim at the hearing on the motion for summary dismissal of the petition in the state district court was improper. (*Id.*) At the hearing, the State had argued that the claim was not raised in the petition and the conversations in the affidavit were not linked to a claim, putting Petitioner and his counsel on notice that the oral presentation was improper. (State's Lodging F-1, p. 8.) However, no amended petition was ever filed. (*Id.*)

Because a claim must be raised in the state district court before it can be raised on appeal, the Idaho Court of Appeals determined that the claim was "not preserved" for appellate review and summarily dismissed it without ruling on the merits. (*Id.*, p. 8.) For the same reasons set forth above as to the default of Claim 6/10(a), this state procedural bar is adequate and independent. Accordingly, Claim 9 is also procedurally defaulted.

### B.  *Second Procedural Ground*

Respondent asserts a second procedural bar for the default of Claims 6/10(a) and 9—that Petitioner improperly raised them for the first time in his successive post-conviction petition in state district court. Successive petitions are governed by I.C. § 19–4908, which provides that a petitioner must raise all claims for post-conviction relief in

MEMORANDUM DECISION AND ORDER - 10

the original petition. New claims may not be brought in a successive petition unless the

Petitioner shows there is "sufficient reason" that the claim "was not asserted or was

inadequately raised in the original, supplemental, or amended application." *Id*.

In *Calvillo V*, the Idaho Court of Appeals relied on this procedural rule to dispose

of the claims that correspond to Claim 6/10(a) and 9:

> Calvillo's three remaining claims in his successive petition
> for post-conviction relief are assertions of ineffective
> assistance of trial counsel for: (1) denying Calvillo his right to
> testify at trial; (2) failing to call certain witnesses; and (3)
> failing to object to the prosecutor's leading questions.
> Calvillo was aware of the factual bases of these claims during
> his underlying criminal proceeding. As such, they are claims
> that Calvillo could have raised in his initial petition for post-
> conviction relief. Accordingly, unless Calvillo provided
> sufficient reason why these claims were not asserted or were
> inadequately raised in his initial petition for post-conviction
> relief, he waives consideration of these claims. *See* I.C. § 19-
> 4908.

State's Lodging I-14, p. 7. The Court found no adequate excuse for failing to bring the

claims in the first petition. *Id*., pp. 7-8.

For habeas corpus purposes, I.C. § 19-4908 is a clear, consistently-applied, and

well-established state procedural bar. *See, e.g., Charboneau v. State*, 144 Idaho 900, 904,

174 P.3d 870, 874 (2007); *McCormack v. Baldridge*, 2012 WL 4138479, at *5-6

(D. Idaho 2012) (collecting and analyzing state court cases applying I.C. § 19-4908). In

addition, this procedural bar is independent of federal law because there is no indication

**MEMORANDUM DECISION AND ORDER - 11**

in the record that the state court had to consider or chose to ignore any federal issue in determining the state procedural issue.

Therefore, because Claim 6/10(a) [now Claim 2(b)] and 9 [now Claim 1] were dismissed upon application of I.C. § 19-4908, these claims are procedurally defaulted for habeas corpus purposes and must be dismissed, unless Petitioner shows cause and prejudice for each claim or actual innocence—either of which provides a legal excuse for a procedural default and permits the federal court to hear the merits of the claim.

### C. *Petitioner's Procedural Default Counter-Defenses*

Petitioner asks the Court to excuse the procedural default of Claim 6/10(a) and 9 on two grounds. First, Petitioner argues that he did not receive "any meaningful legal assistance in the preparation of his petition for writ of habeas corpus," which is "cause to deny" the state's partial summary dismissal motion. (Dkt. 22, pp. 3-5; Dkt. 29-1.) Second, while attempting to invoke *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner asserts that post-conviction counsel in state district court performed ineffectively and "failed to preserve" the ineffective assistance of trial counsel claims below, which is cause to excuse the procedural default of these claims here. (Dkt. 22, p. 8.)

#### i.   Standard of Law

To show "cause" for a procedural default, a petitioner ordinarily must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488

**MEMORANDUM DECISION AND ORDER - 12**

(1986). To show "prejudice," a petitioner bears "the burden of showing, not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The general rule on procedural default is that errors of defense counsel during a post-conviction action cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752.

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *Murray*, 477 U.S. at 495-96. A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.*.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see*

**MEMORANDUM DECISION AND ORDER - 13**

*Schlup*, 513 U.S. 298, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348,

350-51 (8th Cir. 1996) (parallel citations omitted).

        ii.      Ground 1: No Legal Assistance to Prepare Federal Petition

As cause for the default of his claims, Petitioner asserts that he did not have

meaningful legal assistance to help him prepare his federal habeas corpus petition.

Instead of providing him with a § 2254 petition that was translated into Spanish, the

prison law librarian provided him with an English form and assigned another inmate to be

Petitioner's legal helper. (Dkt. 29-1, p. 3.) However, Petitioner is mistaken in believing

that his procedural default originated from his preparation of his federal petition,

including the prison's failure to provide him with a trained legal assistant. As explained

above, the reason his claims are procedurally defaulted is not that he did not include them

in his federal petition (because that is an easy problem to fix with amendment), but

because he did not properly pursue them in state district court and the state appellate

courts. As Respondent correctly points out: "Because the state-court defaults by

definition cannot be excused by Calvillo's alleged lack of access to the federal courts,

Calvillo fails to show cause to excuse those defaults on these grounds." (Dkt. 27, p. 8.)

        iii.     Ground 2: *Martinez v. Ryan* Exception

Petitioner also asserts that his original post-conviction counsel was ineffective for

failing to raise his claims properly in state court. The case of *Martinez v. Ryan*, 566 U.S.

1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held

**MEMORANDUM DECISION AND ORDER - 14**

that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. In the ten years since *Martinez*, federal district courts have permitted habeas petitioners to develop evidence in federal court for the limited purpose of demonstrating cause and prejudice to excuse procedural default, with the end result in mind that the evidence could be used to support the merits of the claim if procedural default was overcome. *See Dickens v. Ryan*, 740 F.3d 1302, 1320-21 (9th Cir. 2014) (en banc).

However, in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the United States Supreme Court significantly reined in federal habeas corpus evidentiary development, holding that 28 U.S.C. § 2254(e)(2) must be met before any new evidence can be used for a merits review. Addressing the procedural default setting, the Court observed that "there is no point in developing a record for cause and prejudice if a federal court cannot later consider that evidence on the merits," and that where a petitioner cannot meet § 2254(e)(2), a "*Martinez* hearing would serve no purpose," providing "reason to dispense with *Martinez* hearings altogether." *Id*. at 1738–39.

This same reasoning applies to attempts to introduce evidence without an evidentiary hearing. *Id*. at 1738 (citing *Holland v. Jackson*, 542 US. 649, 653 (2004) (per curiam)). "*Martinez* did not prescribe largely unbounded access to new evidence whenever postconviction counsel is ineffective," the *Ramirez* Court clarified. *Id*. at 1737.

**MEMORANDUM DECISION AND ORDER - 15**

*Ramirez* reiterated *Holland*'s holding that post-conviction counsel's fault in failing to produce evidence to support a claim in state court is attributable to their clients and does *not* satisfy 28 U.S.C. § 2254(e)(2). *Id*. at 1735–36. This clarification closes the door on many petitioners' arguments and ability to overcome the procedural default of ineffective assistance of trial counsel claims.

Under *Ramirez*, a petitioner must make a § 2254(e)(2) showing before being permitted to engage in discovery for the purpose of overcoming procedural default. Section 2254(e)(2) provides that, "[i]If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless the applicant meets several stringent elements set forth in § 2254(e)(2)(A)(i) or (ii) and (e)(2)(B). The statutory phrase "failure to develop the factual basis of a claim" means that "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437.

In a recent capital case in this District, the federal district court distilled a "survey of post-*Ramirez* cases" into a four-step process for analyzing whether the *Martinez* exception can be applied to a procedurally-defaulted ineffective assistance of trial counsel claim. *Row v. Miller*, CV-00240-BLW, 2023 WL 2744409, at *8 (D. Idaho Mar.

**MEMORANDUM DECISION AND ORDER - 16**

31, 2023) (decision pending appeal). The framework consists of the following four-step process:

First, the court should determine whether § 2254(e)(2) applies. *Id*. at **8-10. Second, if § 2254(e)(2) applies, the court should determine whether the petitioner can meet its requirements. If a petitioner can satisfy § 2254(e)(2), "the petitioner may bring forward new extra-record evidence to prove the merits of the Martinez claim." *Id*. at *1.

Third, if the petitioner was not diligent and cannot satisfy § 2254(e)(2), because no effort was made to properly bring the claims in state court, the court should determine whether the petitioner is entitled to relief on the merits of the ineffective assistance of trial counsel claim "on the permissible state court record." *Id*. at *11.[2] If the petitioner cannot meet the S*trickland* standard on the permissible state court record alone, then *Martinez* prong 1 is not met, the procedural default is not excused, and the district court may deny relief on the merits of the claim. *Id*.; *see* 28 U.S.C. § 2254(b)(2).

Fourth, if the "permissible state court record supports granting the writ" on the ineffective assistance of trial counsel claim, the court should determine "whether the petitioner can meet *Martinez* prong 2"—that is, whether it is "obvious from the existing

_____

[2] While the *Row* Court ultimately did not decide the question of what constitutes the "permissible" state court record, this Court adopts its reasoning here: that, "in interpreting what portion of 'the state-court record' can be used in the merits review of *Martinez*-forgiven claims, the United States Supreme Court would [not] permit the federal district court to review evidence from procedurally improper state court proceedings." 2023 WL 2744409 at *8.

**MEMORANDUM DECISION AND ORDER - 17**

state court record that" post-conviction counsel was "the cause for failing to bring the substantial" ineffective assistance of trial counsel claim. *Id.*

The Court will now apply this framework to Petitioner's assertion that *Martinez* excuses the procedural default of his claims. As to Claim 6/10(a), Petitioner did not identify any witness or substance of testimony until *Calvillo IV*, his post-conviction appeal. State's Lodging G-14, p. 11, n. 6. Because those facts were known at the time of the original post-conviction action but were not properly presented to the state court, Section 2254(e)(2) applies. Because the lack of diligence for not properly presenting the facts rests on post-conviction counsel, that fault is attributed to Petitioner. Therefore, he must rely on the "permissible" state court record to prove that trial counsel was ineffective for failing to investigate certain witnesses. This proves fatal to his claim, because the witness names and substance of testimony do not appear in the record except in an impermissible manner—improperly presented for the first time on appeal. Accordingly, the Court concludes that Petitioner cannot prevail under *Strickland* and cannot meet prong 1 of the *Martinez* test.

As to Claim 9—that trial counsel unlawfully pressured Petitioner into not testifying—Petitioner presented limited hearsay factual allegations in his affidavit accompanying his original post-conviction petition, but he did not link the facts to any claim in his petition. Petitioner's counsel attempted to link the facts orally at the summary dismissal hearing, but never amended the petition to show that the claim raised

was intended to be supported by facts asserting "pressuring," nor did post-conviction counsel obtain an affidavit from trial counsel regarding conversations with Petitioner about testifying.

In its order dismissing the petition, the state court made factual findings that Petitioner "desired to testify at trial" and that trial counsel "advised him that testifying at trial would not be in" his "best interest." (State's Lodging F-1, p.147.) However, the court did not go beyond those facts in its ruling, refusing to address the affidavit's contents about counsel pressuring Petitioner not to testify. (*See id*., pp. 144-157.) On appeal in *Calvillo IV*, the appellate court would not hear the merits of the claim because the facts in the affidavit were not properly linked to a claim in the original petition (*see* State's Lodging G-14, pp. 7-8,), and in *Calvillo V*, the appellate court would not hear the merits of the claim because the facts were presented to the courts for the first time in a successive petition (s*ee* State's Lodging I-14, pp. 7-8).

Because the facts were known at the time of the original post-conviction action but were not properly presented to the state court, Section 2254(e)(2) applies. Because the lack of diligence for not properly presenting the facts rests on post-conviction counsel, that fault is attributed to Petitioner. Therefore, he must rely on the "permissible" state court record to prove that trial counsel unlawfully pressured him into not testifying. Although Petitioner took one required step, preparing an affidavit containing supporting facts, it improperly contained hearsay. And he neglected to take the other required step,

**MEMORANDUM DECISION AND ORDER - 19**

to bring a claim in the petition that relied on and referenced the factual allegations in the affidavit. The district court clearly and correctly found that Petitioner's petition stated only the fact that his counsel "advised" him not to testify, and that is the claim the district court decided.[3]

Accordingly, the Court concludes that Petitioner cannot prevail on his *Strickland* claim that defense counsel unlawfully pressured him not to testify *on the facts that he actually presented in the original post-conviction petition* and cannot meet prong 1 of the *Martinez* test.

In addition, the Court agrees with Respondent that Petitioner's claim alternatively fails on the merits for the additional reason that the trial transcript affirms that, in response to the judge's specific questions on his decision not to testify, Petitioner stated under oath that he was aware that he had "an absolute right to testify or not testify," which was his decision and "his decision alone," and agreed that he was making a "free and voluntary decision alone, not to testify," negating his claim that he was improperly pressured into remaining silent. (State's Lodging C-3, p. 482.)

Having addressed the procedural phase of this matter, the Court will set forth a schedule for briefing of the remaining claim on the merits.

---

[3] The tongue-in-cheek adage—"Judges are not like pigs, hunting for truffles buried in briefs"—coined in *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), applies here. Judges are not required to expend limited public resources hunting for extraneous facts in exhibits that might support claims on grounds other than those plainly presented in the briefing.

**MEMORANDUM DECISION AND ORDER - 20**

# ORDER

**IT IS ORDERED:**

1. Respondent's Motions for Extension of Time (Dkts. 24, 25) are GRANTED.

2. Respondent's Motion for Leave to File Oversize Reply (Dkt. 26) is GRANTED.

3. Petitioner's Motion to Amend (Dkt. 28) is DENIED as superseded by Petitioner's (second) Motion to Amend (Dkt. 29), which is GRANTED, as set forth above.

4. The Clerk of Court shall file a copy of Docket 29-2, the Second Amended Petition, under a new docket number to clarify that it is the operative pleading in this matter.

5. Respondent's Motion for Partial Summary Dismissal (Dkt. 16) on Claim 6/10(a) [now Claim 2(b)] and Claim 9 [now Claim 1] is GRANTED, and the claims are dismissed and/or denied, as set forth above.

6. In the Order at Docket 12, the Court earlier dismissed Claims 2, 3, and 4 in the Amended Petition for Writ of Habeas Corpus (Dkt. 11).

7. Remaining for adjudication on the merits is Claim 6/10(b) [now Claim 2(a) in the Second Amended Petition] (ineffective assistance of counsel for failure to call witnesses).

**MEMORANDUM DECISION AND ORDER - 21**

8. Respondent must file an answer to the remaining claim within 90 days after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, within 30 days after service of the answer. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case shall be deemed ready for a final decision.

9. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

10. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 27, 2024

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 22**